Opinion by JOHNSON, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.   The protests were overruled in all other respects.

**No. 52944.**—W. A. Taylor & Co. *v.* United States, protest 122261–K (San Francisco).

Opinion by JOHNSON, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.   The protest was overruled in all other respects.

**No. 52945.**—Moses Harvey Brotman *v.* United States, protest 126387–K (San Francisco).

Opinion by JOHNSON, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.   The protest was overruled in all other respects.

**No. 52946.**—L. A. Brewing Co. *v.* United States, protest 126481–K (Los Angeles).

Opinion by JOHNSON, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33,. C. D. 1155), the claim of the plaintiff was sustained.   The protest was overruled in all other respects.

**No. 52947.**—The Von Hamm Young Co., Ltd., dba Hotel Import Co. *v.* United States, protest 132182–K (San Francisco).

Opinion by JOHNSON, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.   The protest was overruled in all other respects.

**No. 52948.**—Washington State Liquor Control Board *v.* United States, protest 132841–K (Seattle).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained. The protest was overruled in all other respects.

**No. 52949.**—Washington State Liquor Control Board *v.* United States, protest 133371–K (Seattle).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust Ct. 33, C. D. 1155), the claim of the plaintiff was sustained. The protest was overruled in all other respects.

BEFORE THE FIRST DIVISION, MARCH 21, 1949

**No. 52950.**—B. Altman & Company *v.* United States, petition 6717–R (New York).

Opinion by OLIVER, C. J. From an examination of the record it was held that entry of the merchandise at a less value than that found on final appraisement was without any intention to conceal or misrepresent the facts and there was no intention to defraud the revenue of the United States or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, MARCH 22, 1949

**No. 52951.**—Gerhard & Hey Co., Inc. *v.* United States, petition 6713–R (New York).

Opinion by COLE, J. Petitioner's import manager, who prepared the entries in question, consulted customs officials prior to entry for information concerning dutiable value of the merchandise and in making the original entries followed the instructions given by the appraiser. Subsequent thereto, and upon advice of counsel, timely amendments were filed at lower values, claimed to be the cost of production. The amended values were advanced by the appraiser to meet the original entered prices, which were adopted as dutiable foreign value. The matter became the subject of much litigation in reappraisement proceedings before this court. In its last decision (Reap. Dec. 7580), the court sustained the importer's contention as to the proper basis for appraisement, but held that "the record contains no evidence of sufficient probation to establish" such statutory value, and therefore upheld the values found by the appraiser. From the record presented it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.