**No. 57314.**—Cabinet Craftsmen, Inc. *v.* United States, petition 6888–R (New York).

Ekwall, Judge: This petition was filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) and seeks remission of additional duties assessed because of undervaluation upon entry of certain knocked-down wood furniture imported from Italy. A number of invoices are involved. In the majority of these, appraisement was made on the unit invoice prices less 3.18 percent, plus 28.12 percent to equal cost of production (packing included), as defined in section 402 (f), Tariff Act of 1930 (19 U. S. C. § 1402 (f)). As to the remaining invoices, the appraiser accepted the tabulations set forth on the invoices, but changed additions for general expenses and for profit from 20 percent to 22½ percent. Appeals for reappraisement were filed by the importer in connection with each of the invoices, which resulted in a finding on review thereof that, with the exception of six armchairs, the proper basis of appraisement was cost of production. The six armchairs were found to be dutiable at the export value thereof, as defined in section 402 (d) of said tariff act, but at an advance over the invoiced and entered value.

The testimony produced on behalf of the petitioner by the vice president thereof, hereinafter referred to as the petitioner, who held that position at the time of exportation of this merchandise, was in substance as follows: As part of her duties she was familiar with purchases made abroad and also with the entry and clearance of such merchandise through the customs and she was personally familiar with the importations here involved. The merchandise was purchased from Industria Sediame Per Esportazione, I. S. E., Italy, and consisted of knocked-down furniture frames, i. e., parts of a chair, or parts of a mirror frame, and parts of a sofa. They were ready to be assembled in this country and to be upholstered. They were never sold in the condition as imported. The witness personally placed the orders for most of these purchases, and they were made under her direction. The prices appearing on the invoices were the prices paid for the merchandise. The witness visited Italy during 1938 or the early part of 1939 and at that time visited all the many small manufacturers of this type of merchandise in Barlassina, a very small village near the city of Milan, which is the place where American importers would go to purchase such merchandise. It was all the same type of manufacture, same type of carvings, and all about the same price, varying hardly by a lire. As a result of this study of the market, she believed that the entered prices represented the prices at which she could purchase for export to the United States, and from a conversation with the manager in charge she knew of sales and offers of these goods to others.

It appears that the question of the value of this type of merchandise has been the subject of litigation over a considerable period of time. Because of petitioner's knowledge of such earlier litigation and of the decision of the court thereon, she adhered to her view that the invoice and entered values were correct.

• The record further shows that petitioner, when she received notices of advance in value, appealed for reappraisement. Petitioner testified that she did not misrepresent or conceal any fact from the Government officials and that she had no intention to defraud the Government, that she conferred with the appraiser prior to entry; but that by reason of the earlier decisions of this court, she felt that she was justified in her belief that the values as entered were correct, for the reason that the merchandise was from the same district and that she relied upon the manufacturer's information.

On cross-examination, and in the brief filed on behalf of the Government, stress was laid on the fact that there existed a close relationship between the exporter and importer which may have prevented the showing of the true values herein. We find nothing in the record to indicate that such relationship affected petitioner's intention to enter at the correct market value. Certainly such fact was not concealed from the Government officials for petitioner testified that she gave information to the examiner as to the relationship; that it was in issue in the earlier cases before the court; and that shipments of similar merchandise were shown at that time to have been made to other importers by this manufacturer.

It is the opinion of the court that petitioner made inquiries from the manufacturers in Italy when she visited that country in order to make purchases and that she honestly believed that the prices used on entry were correct, and that the case is one in which an honest difference of opinion existed between the petitioner and the Government officials as to the correct value of the merchandise. We, therefore, find that petitioner has produced satisfactory evidence that there was no intention to defraud the revenue and that the petitioner acted in entire good faith. See *E. J. Fay, Inc.* v. *United States*, 23 Cust. Ct. 193, Abstract 53660; *G. R. Kirk Company* v. *United States*, 21 Cust. Ct. 205, Abstract 52556; and *Gerhard & Hey Co., Inc.* v. *United States*, 22 Cust. Ct. 265, Abstract 52951.

The petition is therefore granted.