BEFORE THE THIRD DIVISION, MAY 14, 1953

**No. 57331.**—Empire State Chair Co., Inc. *v.* United States, petition 6883–R (New York).

EKWALL, Judge:   This petition is filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) and seeks to recover additional duties which were assessed on imported merchandise due to the fact that the final appraised value exceeded the value declared on entry.   The merchandise consists of certain

bentwood chairs manufactured in Czechoslovakia. They were invoiced and entered in United States dollars and were appraised at 33.83 Cz. crowns each, net, upon the basis of cost of production, as defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)). There is no dispute as to the basis of appraisement, but the appraiser and importer, petitioner, were unable to agree as to whether the cost of transportation from the factory in Czechoslovakia to the shipping point at Hamburg, Germany, was properly a part of the value of the chairs. They also disagreed as to the percentage to be added for profit. The appraiser advanced the value, and test cases were presented for the court's determination, the instant entry forming the basis for one of such test cases. Appraisement of the remaining importations was withheld to await the outcome of the test cases. The court, as a result of such litigation, upheld the importer's contention that the item of transportation was not part of the cost of production but held that the importer had not established the profit to be added.

In support of the petition, petitioner introduced the testimony of one witness, Mr. Ernest Samuels, president of the petitioner corporation. He testified that he made this purchase, having gone to Czechoslovakia to the factory to buy these chairs. While he was unable to say whether this particular order had been placed by mail or personally, the petitioner stated that he had been buying from this factory and that he, himself, had handled the order. He also stated that at the time he went to Czechoslovakia in 1937 (the instant orders were accepted, according to the consular invoice, in May and July 1937), he found that there were two or three other factories that had been exporting to the United States, but their clientele was restricted and they would not sell to the petitioner. The particular factory here involved was selling to others for export to the United States at the same prices that his corporation had been paying. He knew of no higher price than the price he paid. When the invoices for this merchandise arrived, petitioner turned them over to its broker for the purpose of making entry. The instructions given the broker were that proper entry was to be made. Subsequently, the United States examiner of this class of merchandise inquired whether petitioner had any contract with the factory concerning the purchase of this merchandise. In response to this inquiry, all the contracts of purchase orders, etc., were turned over to said examiner for his examination. Petitioner thereafter was informed by its broker that the prices shown on entry were incorrect and that the proper basis for entry purposes was cost of production. Thereupon, upon the advice of the broker, the matter was placed in the hands of attorneys.

The witness testified further that he had no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser.

No evidence was produced in rebuttal, the Government attorney stating that the case had been investigated by the Government and with that as the basis he would ask no questions.

Upon the record, we find that petitioner has produced satisfactory evidence that there was no intention to defraud the revenue and that said petitioner acted in good faith. This is one of the cases in which the Government officials and petitioner disagreed as to certain items involved in the statutory cost of production, i. e., an honest difference of opinion existed between the petitioner and the Government officials as to the correct value of the merchandise. See *E. J. Fay, Inc.* v. *United States*, 23 Cust. Ct. 193, Abstract 53660; *G. R. Kirk Company* v. *United States*, 21 Cust. Ct. 205, Abstract 52556; and *Gerhard & Hey Co.* v. *United States*, 22 Cust. Ct. 265, Abstract 52951.

The petition is therefore granted.