BEFORE THE THIRD DIVISION, MAY 5, 1954

No. 58058.—H. Z. Bernstein Co., Inc., et al. *v.* United States, petitions 6960–R, etc. (New York).

EKWALL, Judge:   These petitions, which were consolidated at the trial, were filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489), and seek remission of additional duties assessed because of the undervaluation upon entry of certain knocked-down wood furniture imported from Italy.   All of the merchandise was imported during the period from 1937 through the summer of 1940.   All of the entries were the subject of reappraisement proceedings before this court, which reappraisement cases were suspended to await the decision in reappraisement Nos. 140112–A, etc., of *Cabinet Craftsmen, Inc.* v. *United States* (Reap. Decs. 7792 and 8001).   A petition for remission was filed in the *Cabinet Craftsmen, Inc.*, case and was granted.   See 30 Cust. Ct. 448, Abstract 57314. The record therein was incorporated in the instant case.

From the testimony of Mrs. Joan Slade, who also testified in the incorporated case, it is apparent that she is a manufacturer of furniture and an assistant to interior decorators, having been in that business since 1935; that she made trips to Italy to investigate the market and to make purchases; and that, in making these trips, she acted as a representative of the ultimate consignees in all of the instant cases and acted on their behalf in negotiations and conversations with the appraiser's office and personally had a hand in the earlier litigation.   She discussed the question of dutiable value with the appraiser and arranged with her counsel and with the Government officials to select certain test cases in order that the matter of the value of all of this merchandise might be litigated before this court. She conducted investigations on behalf of Cabinet Craftsmen, Inc., and on behalf of the consignees here involved and presented such facts as she had to the appraiser at all times.   She made a survey of the entire industry in the district in Italy where this type of merchandise was manufactured.   At all times she contended that the invoice and entered values correctly represented cost of production and she endeavored to obtain evidence to support that position before this court in the reappraisement proceeding.   This witness further testified that the testimony which she gave in the incorporated case would apply to all of the invoices embraced in the petitions now before us; that the situations were identical; and

that the merchandise was practically identical. She discussed the question of cost of production and of export value and was the only person who had any contact with the Government examiner.

In the incorporated case, the court granted the petition and stated as follows:

It is the opinion of the court that petitioner made inquiries from the manufacturers in Italy when she visited that country in order to make purchases and that she honestly believed that the prices used on entry were correct, and that the case is one in which an honest difference of opinion existed between the petitioner and the Government officials as to the correct value of the merchandise. We, therefore, find that petitioner has produced satisfactory evidence that there was no intention to defraud the revenue and that the petitioner acted in entire good faith. [Citing cases.]

Government counsel in the brief filed contends that the evidence produced is unsatisfactory in that it fails to show good faith on the part of both the broker and principal, in that neither the actual owners nor the consignees testified nor was testimony of the customhouse brokers produced. We find this contention entirely without merit. It is plain from the record that the person having knowledge as to the facts, who acted as agent for the petitioners, and who dealt with the customs officials presented a clear picture to the court of the circumstances surrounding the entry of this merchandise. Testimony on behalf of the principals that they relied on the statements of their agent would be mere surplusage as would a categorical declaration on their part that they had no intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise, the three elements of proof under section 489, *supra*.

We find that the evidence produced by the agent of the petitioners is "satisfactory evidence" under said section 489. As above stated, she testified that she gave testimony in the incorporated case and was familiar with the facts relative to the instant importations and the customs clearance in all of the entries before the court; further, that she made trips to Italy to investigate the market and to purchase and that, in making such trips, she acted as a representative of the ultimate consignees in all of the instant cases and acted in their behalf in negotiations and conversations with the appraiser's office; that the testimony she gave in the incorporated case would apply to all of the invoices in the petitions now before the court; that the situations are identical; and that she took part in all of the conferences with the Government examiner.

In the incorporated case, we found that the facts warranted the granting of the petition. So here, we find that the record presents satisfactory evidence that the entry of the merchandise at values lower than those found on final appraisement was without intention to defraud the revenue and that the petitioners acted in entire good faith. See *E. J. Fay, Inc.* v. *United States,* 23 Cust. Ct. 193, Abstract 53660; *G. R. Kirk Company* v. *United States,* 21 Cust. Ct. 205, Abstract 52556; and *Gerhard & Hey Co., Inc.* v. *United States,* 22 Cust. Ct. 265, Abstract 52951.

The petitions are therefore granted.